IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Mary Plunkett, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   10 C 2565 |
| Global Credit & Collection Corporation, a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Mary Plunkett, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violate the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this matter pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) Plaintiff resides here; b) the acts and transactions occurred here; and, c) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Mary Plunkett ("Plunkett"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt owed for a Capital One credit card.

4. Defendant, Global Credit & Collection Corporation ("Global"), is a Delaware corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. Defendant Global was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Plunkett.

5. Defendant Global is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Global conducts business in Illinois.

6. Moreover, Defendant Global is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Global acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7. Due to financial difficulties, Ms. Plunkett fell behind in paying a consumer debt she owed for a Capital One credit card, and during the summer of 2009 she was only able to make partial payments on the debt. Ms. Plunkett attempted to negotiate a payment plan with Capital One; it, however, refused to work out any sort of payment plan and, instead, turned her delinquent consumer account over to Defendant Global for collection.

8. In January and February, 2010, Defendant Global began calling Ms. Plunkett from various telephone numbers with "800", "866" and/or "905" area codes and left her cryptic messages. In none of these many telephone messages did the caller

identify their firm as Global, or state that they were a debt collector attempting to collect a debt.

9. Unable to ascertain who was calling her, or why, Ms. Plunkett did not return the calls. In late February, 2010, however, Defendant Global began calling Ms. Plunkett's parents at their home in Wisconsin, leaving similar cryptic messages for Ms. Plunkett to call it back.

10. Disturbed by the cryptic calls to her parents, Ms. Plunkett returned the next cryptic call she received, from a "Mrs. Skanda", to find out who was calling, how they had gotten her parents' number, and why they were calling. Ms. Plunkett was then informed, by Defendant's debt collector, that it was Defendant Global that was calling to collect the debt she owed to Capital One. Ms. Plunkett told Global's debt collector to stop contacting her parents, and asked Global's debt collector what her options were. Defendant's debt collector told her that she had three options: pay $4,200 up front and $299 per month thereafter, pay $3,300 for three consecutive months, or pay the $11,000 balance, or else they would take Ms. Plunkett to court.

11. A few days later, Defendant's debt collector, "Josh Balner", left a message for Ms. Plunkett. When Ms. Plunkett called Defendant back, she spoke with a "Nicole" who demanded that Ms. Plunkett immediately pick one of the options that had been previously discussed, or else Defendant would file a lawsuit against Ms. Plunkett. The debt collector asked Ms. Plunkett if she had a 401k she could use to pay the debt, or whether Ms. Plunkett could borrow money from her parents or take out a home equity loan. Ms. Plunkett told Nicole that if she was able to do any of those things, she would have paid on the account and that she still needed more time. The debt collector,

Nicole thereafter stated that if Ms. Plunkett picked one of the payment plans and gave her the routing and account number for a checking account, it would prove to Defendant that Ms. Plunkett was acting in good faith. Defendant's debt collector, Nicole, promised Ms. Plunkett that Global would not process any payment until Ms. Plunkett gave Defendant her final word; based on Defendant's debt collector's statements, Ms. Plunkett gave Defendant her banking account information. Ms. Plunkett further stated that, due to her present financial difficulties, the only option which could possibly work would be to pay $4,200 down and $299 per month, but only if she could get a loan, and that she needed to discuss the matter with her husband. Defendant's debt collector, Nicole, told Ms. Plunkett that she only had one week to do this.

12. Less than a week later, Ms. Plunkett called Defendant back, and stated that she had been able to find someone to lend her money, but that she needed a few more days. When Ms. Plunkett finally obtained a loan from a family member, she called Defendant Global and told its debt collector that, due to other financial obligations, the most she could pay at that time was between $500-$1,000, and that she would have to work something out to pay later. Global's debt collector stated that this was not acceptable and that she would speak to her supervisor.

13. Two days later, on March 18, 2010, Defendant's Josh Balner, the purported supervisor, left a message for Ms. Plunkett. Ms. Plunkett called Mr. Balner back and reiterated that she could only pay between $500 and $1,000 at that time. Mr. Balner proceeded to harass and abuse Ms. Plunkett verbally, stating that she was "dishonorable", and that "I know people like you -- you just don't feel like paying your

bills", "I know you're borrowing money from someone, why don't you just pay", "you can afford the $4,200 - you don't even have a mortgage" (a false assertion), "who else do you owe money to that is more important", "we're going to take you to court, why would you let that happen?", and "how can you be so irresponsible". Due to Mr. Balner's abusive behavior, Ms. Plunkett terminated the telephone call. At no time did she authorize Defendant to debit her checking account for $4,200.

14. The next day, on March 19, 2010, Ms. Plunkett went to pay some bills and was shocked to find out that her account was almost $2,000 overdrawn. Ms. Plunkett immediately called her bank, and determined that Defendant Global had processed a payment through her checking account of over $4,200, see, excerpt of checking account transaction history, attached as Exhibit C. Ms. Plunkett and her husband immediately went to their bank, to get the payment to Global stopped, which they were told that they could not immediately do, due to the payment still being "pending". The Plunkett's bank, however, eventually declined the payment, and the Plunketts were forced to close that checking account and open a new account.

15. On April 1, 2010, Mr. Balner called Ms. Plunkett and left two messages for her to call back. One of the messages stated, in a very terse and aggressive tone of voice:

> Mary, this is Josh Balner calling, there's an issue here in this office. You have a problem. Call me. 1-800-563-4929 extension 8591.

The telephone number mentioned in the message is a telephone number used by Defendant Global; the message did not identify Defendant Global as the caller, nor state that the communication was from a debt collector attempting to collect a debt. Due to her previous dealing with Mr. Balner, Ms. Plunkett did not return his calls.

16. On April 2, 2010, Ms. Plunkett received a telephone call from her bank, and was informed that Defendant Global had again attempted to take more than $4,200 from her checking account, <u>see</u>, attached Exhibit <u>C</u>.

17. On April 5, 2010, Defendant again called Ms. Plunkett twice and demanded that she call it back. One of the callers, whose exact name is difficult to understand, stated, also in a very aggressive tone of voice:

> This is Mr. [unintelligible]. I am trying to get in touch with Mary Plunkett, again, I am trying to get in touch with Miss Mary Plunkett and I'm calling you Mary regarding a claim that has been filed in your name here by one of my clients and it is a very serious matter that needs attention today. Call me when you receive this message please, again call me when you receive this message. The telephone number is 866-350-4275, again the number is 1-866-350-4275 extension 6406 and the case number is 23795166. I have been requested to make a final decision to a matter here that the client has filed in my office pertaining to yourself and it's very, very serious, it is important that we speak today.

The telephone number mentioned in the message is a telephone number used by Defendant Global; this message did not identify Defendant Global as the caller, nor state that the communication was from a debt collector attempting to collect a debt.

18. On April 9, 2010, Defendant Global left yet another message for Ms. Plunkett:

> Good Day, this is Mr. Booth calling from the offices of Global CC. Several attempts have been made to get in touch with you with respect to your matter. Your reluctance to comply has now been noted. You have the capacity to resolve this matter. These decisions are gonna be made with or without your cooperation. It would be in your best interest to participate in the decision making process. Contact me back immediately at 866-350-4275, my extension is 6478.

The telephone number mentioned in this message is a telephone number used by Defendant Global. To the best of Plaintiff's knowledge, this is the first and only message left by Defendant Global in which it actually identified itself; Global did not,

6

however, state that the communication was from a debt collector attempting to collect a debt.

19. To date, Ms. Plunkett has not received any letters from Defendant Global. Defendant Global has also continued to call Ms. Plunkett's parents and leave messages for her.

20. All of Defendant Global's collection actions at issue in this matter occurred within one year of the date of this Complaint.

21. Defendant Global's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692f Of The FDCPA –
## Unfair And Unconscionable Collection Practices

22. Plaintiff adopts and realleges ¶¶ 1-21.

23. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt, see, 15 U.S.C. § 1692f.

24. Defendant, by twice attempting to withdraw $4,200 from Ms. Plunkett's checking account without permission; by verbally abusing Ms. Plunkett during telephone calls; by repeatedly calling her parents, even after being told not to do so; by threatening to file a lawsuit against her; and by stating that a "case" had been filed against her, used unfair and unconscionable means to collect the debt from Ms. Plunkett , in violation of § 1692f of the FDCPA.

25. Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692d Of The FDCPA –
### Harassment And Abuse Through Numerous
### Improper And Abusive Telephone Calls

26. Plaintiff adopts and realleges ¶¶ 1-21.

27. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, see 15 U.S.C. § 1692d.

28. Defendant, by continually calling Plaintiff, by verbally abusing her in telephone calls - calling her dishonorable and irresponsible – by threatening to file a lawsuit against her, and by repeatedly calling her parents, despite being told not to do so, engaged in conduct, the natural consequence of which was harassing, oppressive and abusive, in violation of § 1692d of the FDCPA.

29. Defendant's violations of § 1692d of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive or Misleading Statements

30. Plaintiff adopts and realleges ¶¶ 1-21.

31. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, see 15 U.S.C. § 1692e.

32. Defendant, by falsely stating that it needed Ms. Plunkett's bank account information to prove to Defendant of Ms. Plunkett's good faith, by falsely stating that it would not debit her account until she gave her consent, by falsely claiming to Ms. Plunkett's bank that it was authorized to debit her account for over $4,200, and by falsely stating, in its telephone message, that it had filed a "case" against her and leaving a purported case number, made false, deceptive or misleading statements, in violation of § 1692e of the FDCPA.

33. Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT IV**
**Violation Of § 1692e(11) Of The FDCPA –**
**Failure To Disclose That A Communication Is From A Debt Collector**

34. Plaintiff adopts and realleges ¶¶ 1-21.

35. Section 1692e of the FDCPA prohibits a debt collector from failing to disclose, in its initial written communication, or, if the initial communication is oral, that that the debt collector is attempting to collect a debt, and that any information will be used for that purpose, see, 15 U.S.C. § 1692e. Moreover, § 1692e of the FDCPA prohibits a debt collector from failing to disclose, in any subsequent communications, that the communication is from a debt collector, see 15 U.S.C. § 1692e(11).

36. Defendant, in its communications to or with Ms. Plunkett, repeatedly failed to make the disclosures required by § 1692e(11) of the FDCPA, in violation of § 1692e(11) of the FDCPA.

37. Defendant's violations of § 1692e(11) of the FDCPA render it liable for

9

actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT V**
**Violation Of § 1692c(b) Of The FDCPA --**
**Contacting Plaintiff's Parents**

38. Plaintiff adopts and realleges ¶¶ 1-21.

39. Section 1692c(b) of the FDCPA prohibits a debt collector, absent express permission from the consumer, from communicating with any person other than the consumer, in connection with the collection of a debt, see, 15 U.S.C. § 1692c(b).

40. Defendant, by continuing to contact Ms. Plunkett's parents, even after being told not to do so, violated § 1692c(b) of the FDCPA.

41. Defendant's violations of § 1692c(b) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT VI**
**Violation Of § 1692g Of The FDCPA --**
**Failure to Provide The Validation Notice and**
**Overshadowing the Validation Notice**

42. Plaintiff adopts and realleges ¶¶ 1-21.

43. Section 1692g of the FDCPA requires a debt collector, within five days of its initial communication with a consumer in connection with the collection of a debt, to send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, and a statement informing the consumer of their rights to dispute the validity of the debt and demand verification of the debt within 30 days, see, 15 U.S.C. § 1692g(a). Moreover, § 1692g(b) of the FDCPA requires that any collection activity during the 30-day period set forth in § 1692g(a) not overshadow, or be

in consistent with, the consumer's right to dispute the debt or seek verification of the debt, see, 15 U.S.C. § 1692g(b).

44. To date, Defendant Global has failed to send Ms. Plunkett the statutorily-required 30-day validation notice, in violation of § 1692g(a) of the FDCPA.

45. Moreover, Defendant, by demanding, in its second telephone conversation with Ms Plunkett, which occurred well within the 30-day validation period, that Ms. Plunkett pay the debt that day, Defendant violated § 1692g(b) of the FDCPA.

46. Defendant's violations of § 1692g of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Mary Plunkett, prays that this Court:

1. Find that Defendant's debt collection practices violated the FDCPA;

2. Enter judgment in favor of Plaintiff Plunkett, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Mary Plunkett, demands trial by jury.

                      Mary Plunkett,

                      By:/s/ David J. Philipps
                      One of Plaintiff's Attorneys

Dated: April 26, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com